IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN HALL, an individual; and LANCE HOPPEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WARNER MUSIC GROUP CORP., a Delaware Corporation; WARNER MUSIC INC., a Delaware Corporation; and WARNER RECORDS, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 3:22-cv-00457 AAT<br><br>Assigned to Hon. Aleta A. Trauger |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendants Warner Music Group Corp., Warner Records Inc., and Warner Music Inc. (collectively "Defendants") respectfully submit this Motion to Dismiss Plaintiffs' Class Action Complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

Count 1 – Plaintiffs' breach of contract claim fails on multiple grounds. First, none of the Defendants is a party to the recording contract underlying all of Plaintiffs' claims, and Plaintiffs have not adequately alleged alter ego liability to hold Defendants liable for breach of contract. Second, Plaintiffs assert that no provision of their recording contract imposes any obligation on Defendants to account for foreign digital streaming at a 50% rate based on 100% of revenues generated "at source," which is the sole basis for alleging breach of contract. Third, contrary to Plaintiffs' claim, their contract expressly specifies royalty rates of either 4% or 6% (*i.e.*, not 50%) for foreign licensing (which encompasses foreign digital streaming), and expressly calculates royalties based on "the amount received by us" (*i.e.*, not revenues generated by foreign affiliates

"at source"). Compl. Ex. A ¶¶ 3(a)(i), (b), (f)(iii), 4(b). Plaintiffs do not (and cannot) allege that they have received lower royalty rates for foreign digital streaming than those provided for under their contract. Fourth, Plaintiffs cannot rely on a purported course of dealing based on their unsupported reading of royalty statements. Plaintiffs do not (and cannot) allege that they have *ever* been paid royalties for foreign digital streaming based on 100% of revenues received "at source." Plaintiffs also would need to allege a meeting of the minds and adequate consideration to give rise to a binding amendment of the royalty terms in their recording contract. Bare receipt of royalty statements does not satisfy either of those requirements. Fifth, Plaintiffs' contract claim violates the statute of frauds.

Count 2 – Plaintiffs' account stated claim fails because Plaintiffs do not allege that the parties entered into a new and different agreement to pay pursuant to an alternate arrangement. A royalty statement is not a contract, and Plaintiffs have not alleged either mutual consent or consideration that could transform royalty statements into a new, enforceable agreement.

Count 3 – Plaintiffs' fraud claim fails because Plaintiffs' generic and conclusory allegations do not satisfy Rule 9(b)'s heightened pleading standard, and the claim is barred by California's economic loss doctrine.

Count 4 – Plaintiffs' accounting claim fails because Plaintiffs do not allege a relationship that could give rise to an obligation to furnish an accounting (such as a fiduciary relationship) or they seek amounts that can be ascertained without an accounting.

Count 5 – Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is redundant of their breach of contract claim. To pursue a claim for breach of the implied covenant, Plaintiffs must allege the specific contractual obligation from which the implied covenant arose—*i.e.*, that express provisions in their contract require Defendants to pay royalties for foreign digital streaming at a 50% royalty rate *and* based on 100% of revenues received "at

Case 3:22-cv-00457  Document 32  Filed 08/26/22  Page 2 of 4 PageID #: 235

2

source." Plaintiffs do not (and cannot) allege such facts given the express terms of their contract.

Count 6 – Plaintiffs' claim for declaratory relief fails. Plaintiffs are not entitled to declaratory relief in the absence of any viable claim. In addition, an adequate remedy exists, namely monetary damages.

The Court also should dismiss Plaintiffs' request for rescission because Plaintiffs want to keep all royalties paid to date, which is fundamentally incompatible with the remedy of recission. Plaintiffs also have not alleged facts that establish the total or near total destruction of consideration, which is required for rescission based on frustration of purpose.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the accompanying Memorandum of Law in Support of Defendants' Motion to Dismiss, the Complaint should be dismissed with prejudice. Defendants pray for all other relief to which they are justly entitled.

Date: August 26, 2022

Respectfully submitted,

By: /s/ Lucas T. Elliot

Lucas T. Elliot (BPR # 037084)
lelliot@fbtlaw.com
FROST BROWN TODD, LLC
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
Telephone: (615) 251-5550

Rollin A. Ransom *(Pro Hac Vice)*
rransom@sidley.com
Sean A. Commons *(Pro Hac Vice)*
scommons@sidley.com
Lauren M. De Lilly *(Pro Hac Vice)*
ldelilly@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000

**Attorneys for Defendants WARNER MUSIC GROUP CORP., WARNER MUSIC INC., and WARNER RECORDS INC.**

Case 3:22-cv-00457   Document 32   Filed 08/26/22   Page 3 of 4 PageID #: 236

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, I electronically filed the foregoing document with the Clerk of the U.S. District Court for the Middle District of Tennessee via the CM/ECF system. I hereby certify that I have served the document on all counsel of record by a manner authorized by LR 5.01.

*/s/ Lucas T. Elliot*
Lucas T. Elliot